May it please the Court, Edie Cunningham of the Federal Defender's Office, on behalf of Mr. Naranjo. As the recent Berry Hill opinion confirms, remand is required because the District Court committed legal errors in denying my client's request for a minor role adjustment. The 235-month sentence is also substantially unreasonable and rests on an inadequate explanation. Well, it was a guideline sentence, wasn't it? Your Honor, it was a low-end guideline sentence, 235 months. That's, we don't require much of an explanation in that circumstance, do we? No, Your Honor, you do not. If the Court is satisfied with it, I would prefer to address the legal errors first. Yeah, I think that's your better argument. The failure to compare my client's culpability to the relative culpability of others involved was clear legal error under Berry Hill. And that recent opinion made clear that it does not matter whether the Court questioned the credibility of my client's proffer, although, as I'll explain in a moment, I don't believe the Court made a credibility finding. Here, the District Court simply said, absent any knowledge or evidence to the contrary, the defendant was acting alone when transporting drugs in the Eastern District of Oklahoma. Since he did say he was not acting alone, doesn't that statement that absent other evidence mean that the judge discredited him and did not consider his description of the offense and how he was working with others? Well, Berry Hill made clear that it doesn't matter whether the judge discredited the defendant, whether or not there's a credibility determination. But I thought you said it was unclear whether he made a credibility determination. Isn't that statement inconsistent with the judge having found the statement at all credible? Well, Your Honor, I'm not sure. I believe the Court, the most rational explanation for that statement is the Court believed it was confined to consider what happened in the Eastern District of Oklahoma. And interestingly enough, the Berry Hill decision also arose from the Eastern District of Arizona, excuse me, Oklahoma. And in both situations, the PSR had said the defendant was acting alone when committing the offense in the Eastern District of Oklahoma of transporting a large quantity of drugs. So it appears that this legal error stemmed from the probation department's recommendation and consideration confining the analysis to what happened in the Eastern District of Oklahoma. Ms. Cunningham, can I ask you a question? Yes, Your Honor. It seems to me that what you're lasering in on is actually two distinct arguments, albeit interrelated. One is that Judge White just made a complete factual misstatement. Absent knowledge or evidence, the defendant was acting alone when transporting methamphetamine in the Eastern District of Oklahoma, that that was not true because he was not the one that rented the car, that there were other people. Yes, Your Honor. There's a contrary plausible interpretation, or at least is the contrary plausible interpretation that, well, he was the only person in the car. And it really is what the word transporting means. If I am, you know, transporting a box to my wife, well, maybe that just means I'm the only person in the car that has a box in my vehicle as I'm transporting it to my wife. Does it necessarily include other people that were involved pre-transportation, renting the car, or post-transportation, unloading the vehicle? Is that a plausible interpretation of what Judge White said? Yes, Your Honor. And I actually think it's the most plausible interpretation, and it is the interpretation actually that the government adopted in its brief. So, under U.S. v. Nacio, because it's a plausible interpretation, it wasn't necessarily factually incorrect. Your second argument that it's legally, that the implication is legally incorrect because it confined the universe of other participants to the Eastern District of Oklahoma, correct? Yes, Your Honor. And if I may elaborate for a moment. I really, I highly doubt the district court just found that he was the only one involved in this at all. That would have been nonsensical given the district court's comment that he must have been a cog in the machine, or a pretty important cog in the machine, and also, as you stated, the finding undisputed in the PSR that somebody else had rented the car in Arkansas. So I think, really, the only reasonable interpretation is that the district court was using the wrong legal standard here, following the lead of the Probation Department, just as happened in Berry Hill, and confining the analysis to, you know, the bare minimum of the offense of transporting the drugs within the Eastern District of Oklahoma. And that is clear legal error, because— Counsel, I don't, I guess I'm just not following. I'm looking at the sentencing transcript, and the judge said, absent any knowledge or evidence to the contrary, the defendant was acting alone when transporting a large quantity of drugs in the Eastern District of Oklahoma. Your Honor, that actually— I haven't asked the question yet. I'm sorry, Your Honor. That seems like a factual finding to me. Well, Your Honor— I still haven't asked my question. If it is, why is it clearly erroneous? Well, Your Honor, first of all, it flies in the face of the undisputed evidence, and of what the court itself said about, my client must have been a cog in the machinery. But if you look at the court order— How does that tell us anything? A cog in the machinery, that doesn't tell us anything, does it? Yes, there is a machinery that he is a part of. No, no, no, no. So, where are the other participants? Okay. Look, let's focus in on this finding. He was transporting drugs. He was transporting them in the district. I mean, that's where the case was filed. It doesn't say anything about whether there was no one else anywhere, or there were other people anywhere. It says he acted alone. Well, that's exactly my point, Your Honor, because when ruling on a minor role adjustment, the court has to compare relative culpability of everyone involved. But the court found that he was the only one involved, so where's the legal error? If he's supposed to compare his conduct with others, and he finds that he acted alone, how can there be any legal error? There's no one to compare him with. Well, Your Honor, I believe the legal error is confining the analysis, as Judge Bacarach said, to what happened within the confines of the Eastern District of Oklahoma. That isn't what the judge said. I would just repeat. Counsel, let me finish. Yes, Your Honor. All right? It says, transporting a large quantity of drugs in the Eastern District of Oklahoma. That's what gives the court venue and jurisdiction. That doesn't really say anything about there is someone else, or there isn't. I mean, that's where he was transporting the drugs, but it also says he was acting alone. Now, is that clearly erroneous, or isn't it? Well, it is clearly erroneous, but I do think it stems... Why is it clearly erroneous? I do think it stems from a legal error of not... Why is it clearly erroneous? Because the judge himself recognized that there were other people involved, that there was a cog in the machine.  Who were the others involved? Well, for one, the PSR was undisputed in saying that somebody else rented the car in Arkansas. And what does that tell us? That doesn't really tell us much of anything. It might have been that the next-door neighbor had rented a car, and this defendant borrowed it. We don't have any information about that. Well, Your Honor, I maintain that this is really on-off words with Berryhill. But my second... Berryhill... Let me just jump in here, because in Berryhill, at the end of the day, was it ever disputed that others were involved? There were other participants in the criminal activity? Doesn't that distinguish Berryhill from this case? You're right about that, Your Honor, but if I can... I don't think meaningfully, because I think everyone, including the government, accepted that there were other people involved. The government's whole argument was that the defendant had not met his burden of proving that he was substantially less culpable than the others. So if we move on to my second legal argument, is that the district court did not consider my client's proffer, did not make a credibility finding at all. My client's proffer explained that there were other people involved, and it was entirely consistent with the known practices of drug trafficking organizations. My client said he was paid to transport drugs from Arizona, and he didn't even know where he was going. He was told to go to Arizona, go into a restaurant, the drugs would be loaded while he was in the restaurant. He didn't know who loaded them, and he was told to get on I-40 and drive, and he would get directions along the way. Let me ask a few questions about that. Yes, Your Honor. I don't think that the judge was saying that there was a machine in which he was a large cog. He was saying he'd have to be a very large cog to be given responsibility over this much, this large a quantity of drugs, which I think would be inconsistent with the judge believing the account of the defendant that he knew nothing about what was going on. The judge was saying this guy's got to be a core member of this conspiracy to be entrusted with this much. Let me ... That's number one. Number two is kind of a legal question. He obviously got the drugs from someone. Exactly, Your Honor. But who's to say whether he bought them from some distributor, and he said, I'm going to take these, and I'm going to sell them in this other state, and he was responsible. In that circumstance, do we say that someone is just a minor participant in that circumstance? Because at some point, the drugs are going to be traced back to a huge cartel of people making these drugs and producing these drugs. Don't you have to confine the offense in some way? And if the people who gave him the drugs or sold him the drugs or whatever, that was the end of their involvement, and then he was responsible. He took it on himself. I'm going to take these drugs, and I think I can sell them. I've got some people in Eastern District. Can we ever confine it to some part of the chain of distribution? Well, Your Honor, not by engaging in rank speculation like that, because that in and of itself is legal error. No, no, no. Who's got to speculate? He's got to describe. On its face, he's the only one. So he's got to explain. He's not going to confess and say, look, I was going to do this on my own. You'll have a chance to respond. I'll make sure of that. Your Honor. But I think this might be close to the core of what you're getting at. There's an explanation of what he was doing in which he could only be considered a minor participant if you considered the entire chain of distribution of the drugs. Well, Your Honor, I really don't think that's true as far as when you look at the known practices of drug trafficking organizations. What he said happened is very consistent. These drugs were being trafficked from Arizona. It was a very large amount. It would be the actual drug trafficking organization in Mexico or someone very close to it who would be able to traffic that large of an amount. So actually what he said was very credible. It is often, most often mere couriers who don't know what they're carrying who have the largest amounts. And if you look at the 2024 Sentencing Commission report that came out last year, it describes this. So really it would be rank. There is no basis to infer that my client was some big person who was going to distribute all this himself. He drove from California. He had no connection to the Midwest. So therefore, it would engage, require rank speculation, which would be legal error to assume that he was a big-time distributor. So who had the burden on this participant issue? The defendant has the burden by a preponderance of evidence, which is very low. And he more than met that burden by providing that proffer, which was uncontradicted and which was consistent, I would say, most importantly, with the known practices of drug trafficking organizations. Are we just supposed to take judicial notice of these known practices or shouldn't that have been made part of the record? Well, Your Honor, Defense Counsel did explain that because she's very experienced with that in Arizona. But if Defense Counsel isn't a witness, are we supposed to? You still haven't addressed my question. Are we supposed to take judicial notice? Your Honor, I believe that... Yes or no. Are we supposed... Where do... What are we relying on for known practices? Just that we intuit this? The June 2024 United States Sentencing Commission... Was that presented to the district? Was that presented to the district court? It was not because it had not been created yet. But error was playing at the time of appeal. Counsel, why are we supposed to rely on that? Why didn't you put... Why didn't counsel put on a witness? There are all kinds of experts on drug trafficking organizations. We have nothing in the record. She proffered it based on her extensive experience and now it is corroborated by the June 2024 United States Sentencing Commission report. Well, that's... Thank you. I'll stop there. Thank you. Thank you, Counsel. Appreciate it. May it please the court, I'm Luke Rizzo, an AUSA from the Eastern District of Oklahoma The main challenge here is procedural. It concerns a district court... What did you say your name is? Luke Rizzo. I have... Your name is Luke, C-A-S-C-I-O. Lukasio. Your Honor, I actually have two last names. Okay. I feel like we're... That's your alias. Well, in my line of work, it helps out. You'll have a few seconds at the end if you do that. And I apologize for that. No, no, no, no. I just... I thought... We've got an imposter here. So as I was saying, the main challenge here is procedural in nature. It concerns a district court not crediting the defendant with a mitigating role reduction in his guideline range. So to receive that reduction, the defendant had to establish by a preponderance of the evidence that his part in the criminal activity made him significantly less culpable than the average participant. And the district court's determination should be based on the totality of the circumstances and the evidence at sentencing. Here, defendant accuses a district court of committing two legal errors. The first, he claims the district court failed to consider his proffer, but the district court referenced it, questioned it, and ultimately found it not convincing or dispositive. This can be gleaned from the record. Frankly, this seems more like a factual challenge dressed up as a legal one, likely because it's easier to accuse a court of a district error than acknowledge the defendant failed to meet its factual burden. In terms of the comparison of the defendant's participation to other participants, should we confine that universe to the participants who conducted activities in the Eastern District of Oklahoma? Well, Your Honor, in this particular case, there's effectively no one on the record that is a participant in the Eastern District of Oklahoma, the only individual who's conducting activity in this criminal organization. And again, a lot of that is . . . But that's exactly why I asked you the question. Yes, Your Honor. You know, obviously, the proffer was . . . even if you exclude defense counsel's statement at the sentencing, the proffer certainly includes an individual who rented the vehicle, and that person was not in the Eastern District of Oklahoma, and that person in Arkansas, and that person . . . should we include that person in the universe of participants in the crime? Well, Your Honor, the district court likely did not. Now . . . Well, yeah, and I'm not asking what the district court . . . Okay, so you agree with defense counsel that the district court did exclude that individual? Well, the government's position is simply that no one thinks the defendant manufactured fifty pounds of methamphetamine on his own. Yeah, and we certainly know all of your arguments. You wrote a very good brief. My question is very straightforward. It sounds like we all have an agreement between counsel that Judge White did not consider the person in Arkansas that loaded the vehicle, or that rented the vehicle. Well, it's a fact in the PSR, so surely the judge was aware of it. Whether the judge considered him an average participant, I think, as the court pointed out, the district court does make that statement that the defendant alone is in the Eastern District of Oklahoma operating. The individual who rented the car, and again as . . . Hold on a minute. Does the PSR, I should know this, but I don't, say specifically someone else rented it, or it was rented in another name? The PSR says another individual rented it in Arkansas. Now, a lot of this goes back to, as counsel was alluding to, to the defendant's proffer, which again, it's an important part to get into . . . But if the government didn't challenge that in the PSR, we've got to accept that, don't we? There's no question the defendant, you know, the defendant in the government's eye, well, I guess on the facts, based on the PSR itself, the defendant didn't rent the vehicle in Arkansas. Another individual did. Okay, so now the $64,000 question, did Judge White legally err by excluding participants in the same crime outside the Eastern District of Oklahoma? You know, this happens, obviously, a lot. You know, someone, commonly called a mule, transports drugs from a cartel into somewhere in the United States, or from Arizona to the Eastern District of Oklahoma. So should we . . . was Judge White legally correct in excluding the comparison of participants that . . . who had involvement outside the Eastern District of Oklahoma, even if they had far greater involvement than the defendant in this case? Well, it's not an error, Your Honor, by the District Court. And that's because the District Court laid out its reasoning effectively throughout the sentencing hearing. And part of that has to do with, as the Court mentioned before, the large amount of drugs. The Court knows that . . . the Court believes that it's fair to infer he's a higher-level individual than average participants. Whether that reasoning is agreed upon by everyone, the point is the District Court didn't really believe the defendant's proffer that he was nothing more than a mere . . . Well, let me play devil's advocate. Number one, the judge never said, I don't believe the defendant's proffer. The judge did acknowledge three sentences before the problematic statement of the proffer. But the judge did say, I'm not quoting it, absent knowledge or evidence, the defendant was acting alone when transporting drugs in the Eastern District of Oklahoma. And I thought your position was . . . maybe I'm wrong, but I thought your legal position was that that was legally correct, that he was the only participant, because he was the only person that was transporting these drugs in the Eastern District of Oklahoma. Even if the people in Arkansas that rented the vehicle might have had greater involvement, even if they were part of a cartel, even if he was transporting drugs to a major redistributor. So my question is just a legal question about the geographic scope of the universe of participants in the crime, of whether . . . we know what the judge did. I mean, the judge, I think, I don't want to put words in your mouth, but I think you're agreeing that he did combine the universe of participants in the crime to the Eastern District of Oklahoma. My only question is, why would that be right, if the crime was a multi-district crime? Well, the reason that would be appropriate is because there's really, you know, there's no other evidence at sentencing, other than the defendant's proffer . . . Well, that's something. You know, a proffer is evidence, unless the judge says for some reason that I'm not going to reject the proffer as not credible, or for some other reason, and Judge White didn't say that. Well, Your Honor, the government's position, and it's in the brief as well, is effectively that the defendant . . . the court didn't believe the defendant's proffer. Why he didn't . . . How do I know that? What can I look at what the judge said that I do not believe the defendant's proffer? Because the defendant's proffer is, I'm a drug courier, I know nothing, I have no real involvement, you know, I'm essentially a patsy in this much larger scheme. The court, throughout, you know, when it's giving its reasoning for the sentence, it goes to the large amount of drugs, it goes to the . . . he's a recidivist, you know, he has a prior conviction for possession with intent to destroy. He flees police, you know, when he's arrested, when he's apprehended for this crime, he goes on a high-speed chase. Yeah, and what is that inconsistent with in the proffer? That he, you know . . . The proffer says nothing about that. Yes, Your Honor. We know there's lots of bad stuff. He did flee. He was a recidivist. But what does that have to do with the point that you're trying to make, I think, which is, well, the judge explained things that were inconsistent with the proffer, and nothing that you've identified thus far has anything to do with what he said in the proffer. Well, the government points to the fact that, you know, the sentence is what it is, you know. I mean, the judge didn't . . . the judge never says, yes, you're a drug mule, you know, or you're a low-level drug courier. The judge doesn't . . . the district court doesn't say that either. It points to all these aggregating factors, the large amount of drugs, fleeing from law enforcement, and effectively, though, you know, the government isn't offering to the court that it could glean from the record, the proffer is not believed. Does a low-level drug courier have, you know, 50 pounds of methamphetamine, maybe? Does he flee from police? I don't know. Does . . . do they usually have prior convictions for, you know, a narcotic trafficking offense? These were questions that aren't . . . you know, these are all factors the judge is clearly considering as opposed to the proffer of, I'm a poor old me, you know, I know nothing. I'm just being used. Let me ask you a question. In his proffer, did he say he didn't know what drugs were in the car? I believe he said he knew that they were illegal narcotics, but he wasn't quite sure. Again, I do not have his proffer in front of me, but it is on the record, I believe. The central issue to me is given that we know the chain of distribution in drugs in general, where do we draw the line and who do we look at? So if . . . I had a hypothetical to opposing counsel about, well, maybe he bought these from a wholesaler and he was going to take them himself and sell them. Maybe he had his own outfit in Oklahoma and they were going to distribute it. That's one possibility. Another possibility is that the whole chain was controlled by one group. They had the drugs, they got it out of Mexico, they gave it to him to distribute to some of their people in Oklahoma and so on. If it's the latter situation, who do we compare him to? Could the judge say, when he said he's a large cog, could he say, well, there are lots of people involved here. There's this innocent person who has no record. We use that person to rent the car. That won't get back to us. That doesn't look suspicious. That person probably wouldn't be considered as high level as the person actually transporting them. There's someone who loads the drugs into the trunk of the car or hides them in a panel or something like that. There's someone who wraps the drug with plastic and so on. There are lots of people involved. It's not just the kingpin head of the cartel. So how do we decide whether he's minor or not in that circumstance? Well I think that seems to be the situation that defense counsel is describing. This is a big operation. But we don't just compare him to the top of the heap. There are lots of other people involved. How do we decide whether he's entitled to a reduction because he's a minor participant? Well, Your Honor, the way the government views that question, clearly it's a complicated one. Clearly it would be probably a case by case analysis of what is known. Here very little is known. And a lot of this has to do with the fact that the defendant has the burden here. The defendant has the burden to show he should receive a mitigating role. He has to present evidence of that, not the government. The government, the only person they could indict in this case, to the defendant's point, to the court's point, this is a larger scale operation. The only individual the government was able to indict is the defendant. That's based on the evidence and the facts. Now he's found guilty. He's being sentenced. If he wants a role reduction, it's incumbent upon him to provide the information to show that he deserves a mitigating role. It's not the government's obligation to do that. What does he offer? A proffer that the district court clearly, and again, the government's position is that the district court doesn't buy it. That's why he doesn't give him a role. And the district court has the discretion to do that. That's credibility of evidence, effectively. Evidence coming from the defendant that is very self-serving. Counsel, could I just come back to this geographical issue? I'm trying to understand that a little better. Are you conceding this morning that the district court confined its role analysis to the Eastern District of Oklahoma? In other words, the only thing that matters is whether this defendant was acting alone or with others in the Eastern District of Oklahoma. Are you conceding that that's what the district court did? No, Your Honor. Now the district court does make that statement you're describing, and the government is positing that based on the entirety, the totality of what occurs at the hearing, what is said mentions of he's a larger cog in a machine, things like that, the government's offering that it's reasonable and fair to infer. Okay, let me just, I understand your point, but if the district court, if that is what the district court did, would that be legal error? Your Honor, it wouldn't be a legal error. Okay, let me just ask you this. There's like 93 or 94 federal districts in the United States, and let's say that the defendant here drove through every one of them, all right? Would he have been acting alone in some of them because there weren't any other participants in them, and then acted with others because there were participants in those? Does it matter where he is stopped and the drugs are found, and his role is going to differ simply by the accident of where he happened to be stopped? Your Honor, the government would offer that. It depends on the facts that are there at sentencing. Well, I realize I asked you a hypothetical, but that's why we ask hypotheticals. Could you try to answer that? Your Honor, effectively, to answer your question, the government is not sure what would occur in another district, what role he would get. That's effectively an individual district court's decision. Would he get a different role in Arizona or New Mexico or Texas? I cannot tell you that. You're holding everything constant, and all he's done is crossed from one district to the other. Is it possible for him to have a major role in one and a minor role in another just because he's crossed the district line? That's one changed fact, Your Honor. And if, again, I think I have to say— Look, if he's got aiders and abettors or co-conspirators to this crime, and they're in another state, you have to consider them, don't you? Bottom line? Yes, Your Honor. Okay. Yes, Your Honor. Thank you. Thank you, Your Honor. That's my time. Thank you, counsel. Case is submitted. Counsel are excused.